UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN LEE DIXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-112 WL |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Kevin Lee Dixie, a *pro se* plaintiff, filed an amended complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (DE 2, 5.) The federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Dixie states that he receives approximately $698 per month in disability payments. He reports that he has no cash on hand and no dependents. Based on this income information, it appears that Dixie is financially eligible

for *in forma pauperis* status. *See* Annual Update of the HHS Poverty Guidelines, 77 FED. REG. 4035 (Jan. 26, 2012).

The inquiry does not end there, however. The court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, a complaint filed by a *pro se* litigant must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32-33. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the

veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Here, Dixie alleges that some of his mail was mishandled by staff at the Fort Wayne, Indiana, branch of the U.S. Postal Service. He complains that one of his magazines was lost, mail was returned to the sender even though it was properly addressed to him, and he keeps getting unsolicited junk mail involving "fraud and scams from [the] Award Notification Commission." (DE 5 at 3.)

To state a constitutional claim, the plaintiff must allege: (1) the defendant deprived him of a federal constitutional right; and (2) the defendant acted under color of state or federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The incidents Dixie complains about do not implicate his federal constitutional rights. While censorship of his mail based on its *content* could implicate the First Amendment, *see Lamont v. Postmaster Gen.*, 381 U.S. 301 (1965), Dixie alleges only that some of his mail was mishandled. "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services[.]" *Sandage v. Bd. of Commr's of Vanderburgh County*, 548 F.3d 595, 596 (7th Cir. 2008). Furthermore, a constitutional claim does not arise from negligent conduct by a government actor, and Dixie has not alleged any plausible basis for

inferring that the incidents he complains of were intentional.[1] *See Daniels v. Williams*, 474 U.S. 327 (1986); *see also United States v. Norwood*, 602 F.3d 830, 835 (7th Cir. 2010) ("[O]nly intentional conduct violates the Constitution[.]"). Accordingly, Dixie has failed to state a claim for relief.

For these reasons, the court DENIES the motion for leave to proceed *in forma pauperis* (DE 2) and DISMISSES the amended complaint (DE 5) pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

ENTERED: April 25, 2012

                                         s/William C. Lee
                                         William C. Lee, Judge
                                         United States District Court

---

[1] To the extent Dixie alleges that postal staff intentionally had junk mail sent to him to punish him for complaining about mail delivery problems, the court finds this allegation to be implausible and frivolous. *Neitzke*, 490 U.S. at 325. The proliferation of junk mail is an annoyance faced by nearly every adult in the nation. *See Strand v. Diversified Coll. Serv., Inc.*, 380 F.3d 316, 319 (8th Cir. 2004) (referencing "the countless items of so-called junk mail found daily in mailboxes across the land").